# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEQUAN GAYDEN, #Y10979,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-01079-SMY |
| | ) |
| **IDOC, SHAWNEE CORRECTIONAL** | ) |
| **CENTER, and C/O NANNIE,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff DeQuan Gayden, an inmate of the Illinois Department of Corrections currently incarcerated at Shawnee Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Eighth and Fourteenth Amendments and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): C/O Nannie denied Plaintiff's request for toilet paper during the 7 am- 3 pm shift while he was on suicide watch on July 17, 2019. Plaintiff told Nannie he needed to use the restroom "really bad" and Nannie responded, "I'm not giving you anything" and "I don't give a sh\*\*." When he asked for toilet

paper during the next shift, he was told that was an issue that had to be addressed with the 7 am-3 pm shift. He was forced to hold his bowel movement for 24 hours before receiving toilet paper. Approximately one month before this incident, Plaintiff had a colonoscopy/pile-up removal. Nannie's actions constituted cruel and unusual punishment, deliberate indifference, and discrimination.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

Count 1: Eighth Amendment conditions of confinement claim against Defendants for the denial of toilet paper for 24 hours.

Count 2: Eighth Amendment deliberate indifference claim against Defendants for the denial of toilet paper for 24 hours.

Count 3: Fourteenth Amendment discrimination claim against Defendants for the denial of toilet paper for 24 hours.

## Preliminary Dismissals

Plaintiff has named IDOC and Shawnee Correctional Center as Defendants. However, these are state government agencies not subject to suit for money damages under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (holding the state and state agencies are not subject to suit under Section 1983 for money damages). Accordingly, IDOC and Shawnee Correctional Center will be dismissed with prejudice.

## Discussion

### Count 1

The Eighth Amendment entitles prisoners to "the minimal civilized measure of life's

---

[1] Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). As such, prison officials are constitutionally required to supply hygienic supplies "sufficient to meet basic needs." *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016). The failure to supply a prisoner with toilet paper for a short period of time however does not violate the Eighth Amendment. *See Harris v. Fleming*, 839 F.2d 1232, 1234–36 (7th Cir.1988) (lack of toilet paper for five days not cruel and unusual punishment); *Dye v. Lomen*, 40 F.App'x 993, 996 (7th Cir. 2002) (denial of toilet paper on two occasions over two to three days does not rise to the level of a constitutional violation). Plaintiff's allegation that C/O Nannie denied him toilet paper which resulted in a deprivation of toilet paper for 24 hours, while troubling if true, does not rise to the level of a constitutional violation. Accordingly, Count 1 will be dismissed for failure to state a colorable claim.

## Count 2

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Plaintiff has not alleged sufficient facts to support a deliberate indifference claim against Nannie because although he alleges a previous medical issue, he does not allege the condition was ongoing at the time of the incident with Nannie or that Nannie was aware of that condition. Count 2 will also be dismissed for failure to state a claim.

## Count 3

To state a claim for unconstitutional discrimination, Plaintiff must adequately allege "that he is a member of a protected class, that he is otherwise similarly situated to members of the

3

unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz,* 398 F.3d 904, 916 (7th Cir. 2005). "An inmate's subjective belief that he was unfairly treated, without more, does not state a viable equal protection claim." *Shelton v. Melvin*, No. 17 CV 50045, 2017 WL 951241, at *5 (N.D. Ill. Mar. 10, 2017) (citing *Huebschen v. Dep't of Health and Soc. Serv.*, 716 F.2d 1167, 1171 (7th Cir. 1983)). Here, Plaintiff does not allege any facts to support a discrimination claim. Instead, he makes a conclusory assertion that he was discriminated against, which is insufficient to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"); *Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."). Therefore, Count 3 will be dismissed.

## Disposition

Defendants IDOC and Shawnee are **DISMISSED** with prejudice. The remainder of Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **NOVEMBER 23, 2020**. The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-01079-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible,

4

include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 22, 2020**                    *s/ Staci M. Yandle*
                                               **STACI M. YANDLE**
                                               **United States District Judge**